| | |
|---|---|
| CHIFFON DAVIS and INDIA WILLIAMS, on behalf of themselves and a class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK CITY HOUSING AUTHORITY, OYESHOLA OLATOYE, individually and in her official capacity as Chairperson of the New City Housing Authority, BILL de BLASIO, Individually and in his official capacity as Mayor of the City of New York; and the CITY OF NEW YORK, a municipal Corporation, <br><br> Defendants. | Civil Action No.1:18-cv-00459 (JPO) |

## CONFIDENTIALITY ORDER

J. PAUL OETKEN, District Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order limiting the review, copying, dissemination, exchange and filing of confidential and/or proprietary documents and information produced by a party, it is therefore hereby

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, employees, experts and consultants, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms:

This Order is effective for the duration of this action. Any person subject to this Order who receives from any other person any information of any kind -- whether in documents,

testimony, or any other form ("Material") that is designated as "Confidential" or "Highly Confidential -¬Attorneys' Eyes Only" pursuant to the terms of this Order — shall not disclose such Material to anyone else except as expressly permitted by this Order.

I.  <u>Confidential Material</u>

The party producing any given Material ("Producing Party") may designate the Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only." Material designated "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall be used solely for the prosecution or defense of this matter. No party may designate documents, other materials, and information as "Confidential" or "Highly Confidential Attorneys' Eyes Only" unless the party in good faith believes the Material contains private, non-public, confidential, privileged, statutorily-protected, competitively-sensitive, and/or proprietary information that is not readily ascertainable through lawful means by the public, including but not limited to financial, personal, and/or patient medical information or other information the public disclosure of which is either restricted by law or adversely affects personal interests ("Confidential Material"). For purposes of this Order, information that may be used to establish the identity of the plaintiffs or their family members or NYCHA tenants, Section 8 participants, applicants, employees or their family members, including but not limited to: name, social security number, public assistance case number, food stamp case number, Medicaid case number, residence address, mailing address, telephone number, driver's license number, patient medical information (including but not limited to medical diagnosis and medical documentation), financial account numbers, employment history and information regarding an individual's cooperation with the government, shall be deemed to be "Confidential Material" under this Order without further designation by the parties.

The designation "Highly Confidential - Attorneys Eyes Only" shall be used only with respect to Confidential Material that in addition to the foregoing is highly sensitive, proprietary, private, non-public, privileged, statutorily-protected, personal, medical patient, and/or confidential for which, in practical terms, there is substantial reason to believe the protections prescribed by this Order will be inadequate to protect the Confidential Material.

Should a party determine that previously identified "Confidential Material" no longer warrant such protection, notice of the withdrawal of such designation shall be provided as soon as practicable.

This Order applies to all Confidential Material produced at any time in this Action. It applies, but is not limited, to such Confidential Material whether it is a physical document, a deposition transcript or other out-of-court testimony, a multimedia audio/visual file such as a voice or video recording, a discovery response, or electronically stored information ("ESP").

II.   Persons Bound

This Order is binding on all parties including parties added to this action subsequent to the date of this Order as well as their respective attorneys, agents, representatives, officers, investigators and employees and family members of plaintiffs and others identified elsewhere in this Order. Nothing in this Order shall limit the use or disclosure of Confidential Material by the Producing Party, but disclosure by that party of Confidential Material in a way that causes it to become public, except due to inadvertence, infra, may cause it to lose confidential protection under this Order. Any disclosure of Confidential Material whether intentional or inadvertent does not cause the Material to lose protection provided by law.

After notice of this Order is given (and if necessary, by providing a copy of this Order), access to and/or disclosure of Confidential Materials (excluding "Highly Confidential-Attorney Eyes Only Materials") shall be permitted to: attorneys of record and their affiliated and contract

3

attorneys, paralegals and clerical staff employed by such attorneys; in-house counsel, clients, client representatives and agency representatives, e.g,, NYCHA employees, that counsel for the party receiving the Material (the "Receiving Party") deems necessary to aid counsel in the prosecution and defense of this matter; court reporters; deposition/trial witnesses and their counsel for purposes of this action (and in such cases the witness shall be required to sign the form of certification annexed hereto as Exhibit A prior to receiving Confidential Material); outside experts and consultants whether retained to testify or consult with a party (and in such case the expert/consultant shall be required to sign the form of certification annexed hereto as Exhibit A prior to receiving Confidential Material); mediators or arbitrators jointly retained by the parties; outside vendors retained to assist with the defense or prosecution of this matter including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, copying or trial preparation services (and in such case the vendor shall be required to sign the form of certification annexed hereto as Exhibit A prior to receiving Confidential Material); representatives of insurance companies that may be liable for the payment of all or part of any judgment entered in this matter; and any other person as to whom the parties agree in writing may receive Confidential Material.

Materials designated "Highly Confidential-Attorney Eyes Only Materials" shall he viewed only by counsel for the parties pending further written agreement of the parties or order of this Court.

III. Manner of Designating Confidential Material and Preserving Such Designation

Confidential Material may be designated "Confidential" or "Highly Confidential - Attorneys Eyes Only" in the following ways:

1.      A Producing Party may designate documents that are produced in hard copy or in electronic copies by marking the first page and each subsequent page that contains Confidential Material with, as appropriate, the legend "Confidential" or "Highly Confidential - Attorneys Eyes Only" and the appropriate designation shall, to the extent practical, be placed on the document so as not to obscure any information contained in the document and as close as practical to any "Bates" number assigned to the document by the Producing Party;

2,      As concerns written discovery responses or written disclosures that are made pursuant to court order or provisions of the Federal Rules of Civil Procedure or this Court's local rules, the Producing Party shall mark the first page and each subsequent page that contains Confidential Material with, as appropriate, the legend "Confidential" or "Highly Confidential - Attorneys Eyes Only" unless it is impractical to do so, and specific responses or disclosures containing Confidential Material shall be separated from responses that contain only non-confidential material to the extent feasible;

3.      As concerns the depositions of parties, counsel for a Producing Party may designate testimony as "Confidential" or "Highly Confidential — Attorneys Eyes Only" by identifying it as such on the record at or about the time the testimony is given and such testimony shall remain confidential pending service of a Notice of Designation of Confidentiality. If a Notice of Designation of Confidentiality is not served within 15 days following counsels' receipt of the transcript of deposition from the court reporter, such confidentiality designation will be waived, With respect to deposition exhibits, counsel for a Producing Party may designate such exhibits, or parts thereof, as "Confidential" or "Highly Confidential — Attorneys Eyes Only" by identifying them as such on the record at or before the conclusion of the deposition and such exhibits shall remain confidential pending service of a Notice of Designation of Confidentiality.

If a Notice of Designation of Confidentiality is not served within 15 days following counsels' receipt of the transcript of deposition from the court reporter, such confidentiality designation will be waived;

4.      As concerns a deposition of a non-party, such witness, the witness's attorney or any party may designate testimony or exhibits as "Confidential" or "Highly Confidential — Attorneys Eyes Only." In all cases where such designation is made, the non-party and counsel (if applicable) shall be provided with a copy of this Order and given notice of the confidentiality obligations which are expected to be observed by such witness;

5.      If no testimony (of a non-party) is designated "Confidential" or "Highly Confidential Attorneys Eyes Only" at a deposition, the deposition testimony shall be presumed not to contain Confidential Material unless a Notice of Designation of Confidentiality is served within 15 days following counsels' receipt of the transcript of deposition from the court reporter. With respect to deposition exhibits marked at such non-party deposition such exhibits shall be presumed not to contain Confidential Material unless counsel for a party serves a Notice of Designation of Confidentiality within 15 days following counsels' receipt of the transcript of deposition from the court reporter;

6.      All transcripts of depositions at which testimony (or exhibits marked thereat) has been designated "Confidential" or "Highly Confidential — Attorneys Eyes Only" shall be marked by the court reporter on the cover page with one or both of those designations and those persons bound by this Order shall be limited in their use of the testimony and exhibits identified as Confidential Materials;

7.      Deposition exhibits designated "Confidential" or "Highly Confidential — Attorneys Eyes Only" shall be appropriately marked;

8.    If testimony taken at an audio-and/or-visually-recorded deposition is designated "Confidential" or "Highly Confidential Attorneys Eyes Only," the videocassette, other videotape container, or disk on which the deposition was recorded shall be appropriately marked;

9.    To the extent protectable information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic, or other computer-readable media), the Producing Party may designate such information "Confidential" or "Highly Confidential Attorneys Eyes Only" by cover letter or by affixing to the media containing the protectable information a label containing the appropriate legend. If a person bound by this Order reduces computerized information that has been so designated to hard-copy form, that person shall mark the hard-copy form in the manner described herein; and

10.    To the extent any person bound by this Order other than the Producing Party creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes, or maintains for review on any electronic system material that contains information designated "Confidential" or "Highly Confidential - Attorneys Eyes Only" that person or its counsel shall take all necessary measures to assure that access to the electronic system and media containing such information is restricted to those persons who, by the terms of this Order, are permitted to have access to it.

IV.    Designation of Confidential Material Produced by Others.

Any party may designate "Confidential" or "Highly Confidential - Attorneys Eyes Only" ("Confidential Material") produced by another party or non-party if the Confidential Material is believed, in good faith, to be private, non-public, confidential, statutorily-protected, competitively-sensitive, and/or proprietary information that is not readily ascertainable through lawful means by the public, including but not limited to financial, personal, patient medical

information or other information the public disclosure of which is either restricted by law or adversely affects personal interests. In the event a party makes such a designation, the designating party shall be deemed the producing party for purposes of this Order, Failure to designate Confidential Material produced by another party or a non-party pursuant to this paragraph at or before the time such Confidential Material is produced shall not constitute a waiver of the designating party's right to make such a designation at a later time, so long as the designation is made at the earliest practical time.

V.     Use of Confidential Materials.

Confidential Material may only be used for the purpose of prosecuting or defending this case. Confidential Materials may not be used for any other purpose including but not limited to business, competitive, personal, private, publicity, news or political purposes. Confidential Material may not be sold or offered for sale. Confidential Material may not be used for marketing, news promotional, or advertising purposes. Confidential Material may not be provided to any news organization or employee or representative of any such news organization.

Notwithstanding the foregoing, nothing in this Order limits the use a producing party may make of its own Confidential Material. A Producing Party's use of its Confidential Material in a way that causes it to become public shall constitute a waiver of any earlier designation of the Confidential Material as "Confidential" or "Highly Confidential - Attorneys Eyes Only" Unless such publication is inadvertent in which case the applicable provisions of this Order as concerns Inadvertently Disclosed Information shall apply.

Nothing in this Order limits the use any party may make of Confidential Material at trial or at any evidentiary hearing in this case. The protection, if any, to be accorded to evidence offered at trial or at an evidentiary hearing and to counsels' and witnesses' references to such evidence at trials and evidentiary hearings shall be determined by the presiding Judge if the

parties hereto cannot reach agreement as to the continued protection to be afforded Confidential Material. Any party who intends to disclose Confidential Material during any hearing or trial before the Court; including through argument or the presentation of evidence, may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Material. The party who intends to disclose the Confidential Material shall inform the parties no less than 7 business days in advance of the anticipated disclosure date of the intended disclosure. The parties shall then "meet and confer" as to any issues attendant to such disclosures prior to presenting such issues to the Court by joint letter to Chambers. Any such efforts to address disclosure issues as concerns Confidential Materials shall not constitute (nor be claimed to constitute) a waiver of the "Confidential Material" designation. Nothing in this Order is intended to prevent counsel for any party from rendering advice to his or her client with respect to this case or, in rendering such advice, from relying upon his or her examination and understanding of Confidential Material; but in rendering such advice, counsel shall not disclose Confidential Material to any person to whom disclosure is not permitted by this Order.

VI.  Restrictions on Disclosure of Highly Confidential – Attorneys Eyes Only Material

Counsel of record for all parties are responsible for taking reasonable measures consistent with this Order to control and limit access to and distribution of Confidential Material designated "Highly Confidential - Attorneys Eyes Only" that they receive.

Each person who has access to Confidential Material shall take all due. precautions to prevent the unauthorized or inadvertent disclosure of such material,

VII.  Filing Confidential Materials

All Confidential Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and by Section 2 E of the Court's Individual Practices. The parties will use their reasonable best efforts to minimize the filing of Confidential Material under seal.

VIII.   Notification of Confidentiality Order

As provided for herein, counsel of record for the parties shall be responsible for obtaining from identified non-parties the signed certification in the form annexed hereto as Exhibit A before disclosing Confidential Material. The originals of all such certifications obtained by counsel of record for a party shall be kept by that attorney until final resolution of this case, whereupon copies shall be provided to counsel of record who request them, The Court may order earlier disclosure of one or more such written agreements upon motion of any party supported by a showing of good cause for the earlier disclosure.

IX.   Challenges to Designations of Confidential Material.

A party need not challenge the appropriateness of a "Confidential" or "Highly Confidential - Attorneys Eyes Only" designation at the time the designation is made, and failure to do so does not prevent a later challenge to the appropriateness of the designation. Any challenge must be made, however, no later than the deadline for completion of fact discovery in the action in which the designation was made or 60 days after the designation was made, whichever is later.

A party who objects to a designation of Confidential Material made pursuant to this Order shall give written notice of its objections via e-mail to counsel of record for all parties. The notice shall identify the challenged Confidential Material by Bates number on an item-by-item

10

basis unless the Confidential Material cannot reasonably be identified in that fashion, except that if a party challenges a mass designation or extensive designations of substantially identical types of Confidential Material the notice may describe with reasonable specificity the items being challenged and identify their "Bates" numbers by range. The notice shall include in concise but meaningful language the factual basis on which the challenge to each item is based, The interested parties thereafter shall confer in a good faith attempt to resolve the objections by agreement to the extent they are able to do so. If the objection is not completely resolved within fourteen days of transmission of the notice, the party challenging the designation may move before the Court for an order declassifying or reclassifying the Materials.

All Confidential Materials shall continue to be treated according to their designation unless and until the Court orders otherwise or the designating party notifies all other parties that it has agreed to change the designation.

X.    No Waiver of Objections, Redactions

Nothing in this Order shall affect the right, if any, of a party or non-party to assert any objection to any discovery request or to any questions or proceedings at a deposition; but no party shall be deemed to have waived an objection based on confidentiality to any discovery request or deposition question or proceeding if, in that party's judgment, the protection afforded by this Order adequately addresses the party's confidentiality concern. Nothing in this Order shall diminish the right of any party to withhold Confidential Material on the basis of any legally cognizable privilege, or Fed. R. Civ. P. 26(b)(3) or 26(b)(4), or the work product immunity.

Nothing in this Order shall prevent a designating party from redacting from Confidential Materials portions which it believes are, inter alia, : privileged, constitute personal identifying information (e.g., tenant names, phone numbers and other personal identifying information), or information not relevant to the claims or defenses asserted in this action.

In the event there is an inadvertent omission in the redacting of information, the right to redact shall not be deemed to have been waived. In such case, the designating party shall cause appropriate documents to be redacted and all parties hereto shall exchange those pages or documents which contain unredacted information for pages appropriately redacted.

XI.    Disposition of Confidential Material

This Order shall survive the termination of the litigation, Within sixty days after final disposition this case, including disposition of any appeal and any subsequent remand, all parties shall return to counsel of record for the respective producing parties all Confidential Material and all copies of such Confidential Material, including among others all copies that were provided to experts and consultants for the returning party and certify that all copies of Confidential Materials have been returned. In lieu of returning Confidential Material and copies thereof, any party may destroy and certify in writing that it has destroyed such materials upon written permission of the Producing Party.

XII.   Correction of Designations and Clawback of Confidential Material

A party who fails to designate Confidential Material as "Confidential" or "Highly Confidential - Attorneys Eyes Only" (or fails to redact information) at the time it produces it may correct its designation at a later time consistent with this paragraph,

Any correction shall be made by means of a written notice of the correction or, if made orally, shall be confirmed in writing within three days thereafter. The notice of correction shall be sent to counsel of record for all parties and shall be accompanied by substitute copies of each item, marked appropriately. The receiving party shall then return pages originally received which were not marked "Confidential" or not redacted.

XIII.  Responsibilities with Respect to Improperly Disclosed  Confidential Material

If a party, a party's counsel of record, or any other person bound by this Order discovers that he or she, or someone for whose conduct he or she is responsible, has disclosed Confidential Material to a person who is not authorized under this Order to receive it, the party, counsel, or other person bound by this Order shall promptly notify counsel of record for the producing party of the unauthorized disclosure and shall promptly take all reasonable steps to retrieve the improperly disclosed Confidential Material and. to restore to it the protection contemplated by this Order. Nothing in this Order is intended to limit the right of any party or person to seek additional relief, if appropriate, against persons responsible for any improper disclosure.

XIV.  Non-Application to Information from Other Sources.

Nothing in this Order limits use or disclosure of documents, material, or information that are publicly available, except that if Confidential Material becomes publicly available because of a violation of this Order the party or other person bound to this Order who is responsible for the violation shall be subject to sanctions for the violation as agreed by the parties or as the Court may determine is appropriate.

Nothing in this Order limits use or disclosure of Confidential Material that a party or other person obtained from a person who is not bound by this Order and whom the party or other person obtaining it reasonably believed at the time was lawfully in possession of it.

XV.  Compliance Not an Admission; Formal Requests for Production of Confidential Materials.

Compliance with this Order is not an admission by any party or person that any particular, document, other material, or information is or is not confidential, except that a party or other person who designates a document, other material or information "Confidential" or "Highly Confidential - Attorneys Eyes Only" by such designation asserts that it believes in good faith that it meets the standards for such designation described in this Order. Compliance with

this Order is not an admission by any party or person that any particular, document, other material, or information is or is not privileged, except that if a party or other person asserts any privilege with respect to a document, other material, or information such assertion is expected to be premised On a good faith belief that a privilege exists. Compliance with this Order is not an admission by any party or person that any particular, document, other material, or information is or is not discoverable or that any particular, document, other material, or information is or is not admissible in evidence.

If a Receiving Party receives a subpoena, or other formal discovery request or investigative demand except one issued in this case, that seeks Confidential Materials that party must immediately (within 3 days) advise the Producing Party as to such request (and provide the Producing Party with a copy of such formal discovery request) so as to permit the Producing Party to take appropriate action to prevent or limit such disclosure of Confidential Material and the Receiving Party shall advise the party propounding the formal discovery request that requested materials may be subject to this Order,

XVI.  Protection of Non-Parties

Persons who are not party to this case may obtain the protection of this Order for Confidential Material they provide in response to discovery proceedings in this case, Such persons may obtain the protection of this Order by executing a written agreement in the form attached to this Order as Exhibit B and by complying with the requirements of this Order for the designation, use, and disclosure of Confidential Material.

XVII.  Persons Bound and Continued Effectiveness

This Order binds all parties to this case including parties added after the date of this Order, their counsel of record, and other persons to the extent described in the Order. It shall remain in effect until modified or terminated by further Court order, Nothing in this Order is to

the prejudice of the right of any party or other person to move this Court for relief from any of its provisions, or to modify it (to provide greater, lesser, or different protection for particular Confidential Material or to prevent disclosures to particular people), and nothing is to the prejudice of the right of any party or other person to move for additional protective orders. The provisions of this Order remain effective after final disposition this case. This Court retains jurisdiction after final disposition of the case for the purpose of enforcing this Order.

The production of privileged or work-product protected documents, electronically stored information ("EST") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

XVIII. <u>Application to New Parties</u>

Plaintiffs shall notify new parties of this Order and shall provide a copy of this Order to the new parties.

XIX. <u>Inadvertent Disclosure</u>

If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection or inadvertently publicly discloses materials previously designated as "Confidential Material" ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work-product protection or confidentiality with respect to the Inadvertently Disclosed Information and its subject matter.

If a party makes a claim of inadvertent disclosure, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. The

Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information, The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

In the event previously designated "Confidential Material" is inadvertently made public, following notice to the parties to the this Action by the party seeking to restore the "Confidential Material" designation and appropriate action to retract the public disclosure, such designation shall be restored,

XX. <u>Non-Waiver</u>

Nothing in this Order shall be construed as a determination by the Court, or as an admission by any party or non-party, that any parent or affiliate of a party is subject to personal jurisdiction or that it is subject to service of process or to discovery pursuant to the Federal Rules of Civil Procedure. Assent to or compliance with this Order does not constitute a waiver of any defense, of any immunity, or of any claim.

Dated: January 29, 2020
      New York, New York

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge

CONSENT TO ENTRY OF CONFIDENTIALITY ORDER:


LANGONE BATSON, LLC
Attorneys for Plaintiffs


By: /s/ James P. Batson
      JAMES P. BATSON
jbatson@langonebatson.com
520 White Plains Road, Suite 500
Tarrytown, New York 10591
(914) 523-2278
Dated: January __, 2020


HERZFELD & RUBIN, P.C.
Attorneys for Defendants New York City Housing
Authority and Oyeshola Olatoye


By: /s/ Peter J. Kurshan
      PETER J. KURSHAN
pkurshan@herzfeld-rubin.com
125 Broad Street
New York, NY 10004
(973) 422-6544
Dated: January __, 2020


JAMES E. JOHNSON
CORPORATION COUNSEL
Attorney for Defendants City of New York
and Bill de Blasio

By: /s/ Mark W. Muschenheim
      MARK W. MUSCHENHEIM
mmuschen@law.nyc.gov
100 Church Street
New York, NY 10007
Phone: (212) 356-2186
Dated: January __, 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHIFFON DAVIS and INDIA WILLIAMS,
on behalf of themselves and a class of those
similarly situated,

                Plaintiffs,

     v.

NEW YORK CITY HOUSING AUTHORITY,
OYESHOLA OLATOYE, individually and in
her official capacity as Chairperson of the New
City Housing Authority, BILL de BLASIO,
Individually and in his official capacity as
Mayor of the City of New York; and the CITY
OF NEW YORK, a municipal Corporation,

            Defendants.

Civil Action No.1:18-cv-00459 (JPO)

## NON-DISCLOSURE AGREEMENT

On behalf of _____ [NAME OF

ORGANIZATION], I, _____ [NAME OF INDIVIDUAL] certify

(i) that I understand that documents, other materials, and information containing Confidential

Material is being provided or otherwise disclosed to me pursuant to the terms and restrictions of

the Confidentiality Order entered in **Chiffon Davis V. New York City Housing Authority and**

**Oyeshola Olatoye, No. 18-cv-00459 (JPO), pending in the United States District Court for**

**the Southern District of New York**; (ii) that I have read and understand that Confidentiality

Order; (iii) that I will not disclose any Confidential Material produced in this litigation to anyone

other than for purposes of this litigation and that at the conclusion of the litigation I will return

all discovery information to the party or attorney from whom I received it; and (iv) that I agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of enforcing that Confidentiality Order and this Non-Disclosure Agreement. I understand that a violation of the Confidentiality Order may be punishable as a contempt of court.

Dated: _____

Signature: _____

Printed Name: _____

Address: _____

_____

Telephone: _____

E-Mail: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CHIFFON DAVIS and INDIA WILLIAMS, on behalf of themselves and a class of those similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>NEW YORK CITY HOUSING AUTHORITY, OYESHOLA OLATOYE, individually and in her official capacity as Chairperson of the New City Housing Authority, BILL de BLASIO, Individually and in his official capacity as Mayor of the City of New York; and the CITY OF NEW YORK, a municipal Corporation,<br><br>        Defendants. | Civil Action No.1:18-cv-00459 (JPO) |

## NON-DISCLOSURE AGREEMENT

On behalf of [NAME OF ORGANIZATION], I, [NAME OF INDIVIDUAL] certify (i) that certain documents, other materials, and information containing Confidential Material are being provided or otherwise disclosed by me or by the organization I represent in response to a subpoena or other discovery requests by a party in this case; (ii) that I have received and reviewed a copy of the Confidentiality Order that has been entered in that litigation; (iii) that I wish to obtain the protection of that Order for Confidential Material I or my organization is disclosing; (iv) that I agree on my own behalf and on behalf of the above-named organization to be bound by the provisions of that Confidentiality Order insofar as they apply to non-parties to the litigation; and (v) that I agree to be subject to the jurisdiction of the United States District

Court for the Southern District of New York for the limited purpose of enforcing that Confidentiality Order and the agreements in this Exhibit B. I understand that a violation of the Confidentiality Order may be punishable as a contempt of court.

Dated: _____

                                        Signature: _____

                                        Printed Name: _____

                                        Address: _____

                                                          _____

                                        Telephone: _____

                                        E-Mail: _____

Dated: January __, 2020