UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHIFFON DAVIS, *on behalf of herself and a class of those similarly situated*, et al.,

                        Plaintiffs,

-v-

NEW YORK CITY HOUSING AUTHORITY, et al.,

                        Defendants.

18-CV-459 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

The parties have submitted briefing on whether the Court should dismiss this action pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (*See* Dkt. Nos. 97, 98, 101, 106, 107.)  Whether or not *Colorado River* abstention is appropriate appears to present a close question, but the Court need not resolve that issue here.  Instead, the Court may rely on its inherent power to manage its docket to stay this action pending the outcome of the parallel state proceeding.

A court's power to stay proceedings derives from its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In determining whether a stay is appropriate, courts in the Second Circuit evaluate: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (internal citation omitted).  The ultimate goal is to avoid prejudice. *Id.*

Staying this action will "best serve the interests of the courts by promoting judicial efficiency and minimiz[ing] the possibility of conflicts between different courts." *Id.* (internal quotation marks and citation omitted). If this action and the state court action proceed simultaneously, they run the risk of resulting in contradictory holdings with respect to NYCHA's liability. In addition, a ruling in the state court action may "guide this Court in ruling on … the key issues in this litigation." *Goldstein v. Time Warner N.Y. City Cable Group*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998); *see also In re Literary Works in Elec. Databases Copyright Litig.*, No. 00-CV-6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) ("Where it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court."). In particular, a state court ruling on the warranty of habitability claim may shed light on the substantive due process claim currently before this Court, making a stay the most efficient way forward.

Plaintiffs are unlikely to be prejudiced by the stay, as they are seeking the same relief in state court and can obtain substantially the same discovery there. Resolution of Plaintiffs' challenge in state court will also help expedite a ruling in this action. Defendants, meanwhile, will be prejudiced by the substantial costs of continued discovery in this action, especially since merits discovery is likely in state court as well. Staying this action will avoid duplicative efforts in state and federal court, conserving judicial resources and thereby serving "not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public." *Catskill Mountains*, 630 F. Supp. 2d at 306.

*   *   *

Accordingly, this action is hereby stayed pending resolution of the parallel state court proceeding. Defendants' motions to dismiss are denied without prejudice to renewal at a later date. Counsel for the parties are directed to file a joint letter regarding the status of the state court proceeding within two weeks and its resolution, and, in any event, by February 1, 2021.

The Clerk of Court is directed to close the motions at Docket Numbers 68, 76, 79, 97, and 98 and to mark this case as stayed.

SO ORDERED.

Dated: October 19, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge